## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INSYS THERAPEUTICS, INC., *et al.*,<br><br>     Liquidating Debtors.[1] | Chapter 11<br><br>Case No. 19-11292 (JTD)<br><br>(Jointly Administered) |
| INSYS LIQUIDATION TRUST, by and through WILLIAM HENRICH, as LIQUIDATING TRUSTEE,<br><br>     Plaintiff,<br><br> – against –<br><br>MAJOR, LINDSEY & AFRICA LLC,<br><br>     Defendant. | Adversary No. 21-_____ (JTD) |

## COMPLAINT TO AVOID AND RECOVER
## PREFERENTIAL TRANSFERS AND OBJECT TO CLAIMS

   Plaintiff, William Henrich, as liquidating trustee ("Plaintiff" or the "Liquidating Trustee")

of the Insys Liquidation Trust (the "Liquidation Trust") as successor in interest to the above-

captioned debtors and debtors in possession (collectively, the "Debtors"), by and through his

counsel, Montgomery McCracken Walker & Rhoads LLP, hereby files this *Complaint to Avoid*

*and Recover Preferential Transfers and Object to Claims* and, in support thereof, states:

---

[1]  The Liquidating Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659), Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155).

## NATURE OF THE ACTION

1.      This is an adversary proceeding brought in the above-captioned bankruptcy cases pursuant to Part VII of the Federal Rules of Bankruptcy Procedure seeking to (a) avoid preferential and/or fraudulent transfers made to the above-captioned defendant ("Defendant") and recover the value thereof, pursuant to 11 U.S.C. §§ 547, 548, 549 and/or 550 and (b) object to Defendant's claims.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

3.      This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

4.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (F).

5.      Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

## GENERAL BACKGROUND

6.      On June 10, 2019 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

7.      On June 20, 2019, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors in these Chapter 11 Cases (the "Committee").  No trustee or examiner has been appointed in these Chapter 11 Cases.

5412042v1

8.      On January 16, 2020, this Court entered an order [Docket No. 1115] (the "Confirmation Order") confirming the Second Amended Joint Chapter 11 Plan of Liquidation of Insys Therapeutics, Inc. and Its Affiliated Debtors (the "Plan") in the Chapter 11 Cases.

9.      On February 18, 2020 (the "Effective Date"), the Plan became effective in accordance with its terms and, in accordance with the Plan, Confirmation Order and that certain Trust Agreement for Insys Liquidation Trust (the "Trust Agreement"), certain assets[2] of the Debtors existing as of such date were transferred to and became vested in the Liquidation Trust, and William Henrich was appointed the Liquidating Trustee of the Liquidation Trust.

## THE CLAIMS

10.      According to the Debtors' claims agent, the Defendant has the following scheduled and/or filed claims (along with any other claim the Debtors scheduled on behalf of Defendant or claims the Defendant filed, collectively the "Claims"):

| Claim No. | Claim Amount | Claim Type |
|-----------|--------------|------------|
| 292032690 | None | Schedule G |

## THE TRANSFERS

11.      On or within 90 days prior to the Petition Date (the "Preference Period"), one or more transfers was made to or for the benefit of Defendant from the Debtor identified on the exhibit annexed hereto (each, a "Transferring Debtor").

12.      The annexed exhibit reflects the Liquidating Trustee's present knowledge of the transfers made to Defendant by the Transferring Debtor during the Preference Period. During the course of this proceeding, the Liquidating Trustee may learn (through discovery or otherwise) of

---

[2]      These assets include all assets of the Debtors other than (i) the VRT Operating Reserve, (ii) the Products Liability Insurance Rights, and (iii) any Interests held by Liquidating Debtors in other Liquidating Debtors, as defined in the Plan.

additional transfers made by the Transferring Debtor to Defendant during the Preference Period. The Liquidating Trustee is seeking to avoid and recover all such transfers, whether such transfers presently are reflected on the annexed exhibit or not. Collectively, all transfers made by the Transferring Debtor of an interest of the Transferring Debtor in property to or for the benefit of Defendant during the Preference Period (whether such transfers presently are reflected on the exhibit annexed hereto or not) are referred to herein as the "Transfers".

13.     The Transfers were made from the Transferring Debtor's bank account on the date indicated on the annexed exhibit and by the method indicated on the annexed exhibit.

14.     The Transfers were made on account of the Transferring Debtor's purchases, on an unsecured basis, of services and/or goods from Defendant. Such goods and/or services were provided by Defendant to the Transferring Debtor on or before the invoice date indicated on the annexed exhibit, and before the corresponding Transfer was made.

15.     Had the Transfers not been made, Defendant would have an unsecured claim against the Transferring Debtor in the amount(s) set forth on the applicable invoices.

16.     In or about June through August 2020, the Liquidating Trustee sent a letter to Defendant (the "Demand Letter"), containing a description of the potential claims and the Transfers, demanding the return of the Transfers to the Liquidating Trustee and inviting Defendant to advise the Liquidating Trustee of any defenses. As of the date hereof, Defendant has not returned the Transfers to the Liquidating Trustee.

17.     The Liquidating Trustee has conducted reasonable due diligence prior to the filing of this complaint. To the extent any defenses were presented by Defendant, they have been taken into account by the Liquidating Trustee. Furthermore, the Liquidating Trustee has reviewed the

Debtors' books and records and only asserted claims that take into account Defendant's known or reasonably knowable affirmative defenses.

## FIRST CAUSE OF ACTION
### (Preference Claim Under Section 547 of the Bankruptcy Code)

18.     The Liquidating Trustee repeats and realleges paragraphs "1" through "17" above, as if fully set forth herein.

19.     The Transfers were made within 90 days prior to the Petition Date.

20.     The Transfers were transfers of an interest of the Transferring Debtor in property.

21.     The Transfers were made to or for the benefit of Defendant, a creditor of the Transferring Debtor within the meaning of section 547(b)(1) of the Bankruptcy Code at the time of each transfer by virtue of supplying goods and/or services for which the Transferring Debtor was obligated to pay.

22.     The Transfers were made for or on account of antecedent debt owed to Defendant by the Transferring Debtor before such Transfers were made.

23.     Section 547(f) of the Bankruptcy Code states, in part that, "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition."

24.     The Transfers were made while the Transferring Debtor was insolvent.

25.     The Transfers enabled Defendant to receive more than Defendant would receive if: (a) the Transferring Debtor's case was a case under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Defendant received payment on account of the debt paid by the Transfers to the extent provided by the provisions of the Bankruptcy Code.

5412042v1

26.    Defendant is (a) the initial transferee of the Transfers, (b) the entity for whose benefit the Transfers were made, and/or (c) an immediate or mediate transferee of an initial transferee.

27.    By reason of the foregoing, the Transfers constitute preferential transfers which should be avoided as preferences pursuant to Bankruptcy Code section 547 and are recoverable by the Liquidating Trustee from Defendant pursuant to Bankruptcy Code section 550.

**SECOND CAUSE OF ACTION**
**(Fraudulent Transfer Claim Under Section 548 of the Bankruptcy Code)**

28.    The Liquidating Trustee pleads this Second Cause of Action in the alternative and repeats and realleges each and every allegation contained in paragraphs "1" through "27" above, as if fully set forth herein.

29.    The Transfers were made within two (2) years prior to the Petition Date.

30.    The Transfers were made to, or for the benefit of, Defendant.

31.    The Liquidating Trustee pleads, in the alternative, that to the extent (a) one or more of the Transfers were not on account of an antecedent debt or were prepayments for goods and/or services subsequently received or (b) the Transferring Debtor was not the Debtor who incurred the debt, the Transferring Debtor did not receive reasonably equivalent value in exchange for the Transfers, because either (a) the services and/or goods were in fact less in value than the Transfers or (b) the Transferring Debtor was not the Debtor who incurred the debt.

32.    The Transferring Debtor was:  (a) insolvent on the dates of the Transfers or became insolvent as a result of the Transfers; and/or (b) engaged in business or a transaction for which any property remaining with the Transferring Debtor was an unreasonably small capital at the time of, or as a result of, the Transfers; and/or (c) the Transferring Debtor intended to incur, or believed

5412042v1

that the Transferring Debtor would incur, debts that would be beyond the Transferring Debtor's ability to pay as such debts matured.

33.     By reason of the foregoing, the Transfers constitute fraudulent transfers which should be avoided pursuant to Bankruptcy Code section 548 and are recoverable by the Liquidating Trustee from Defendant pursuant to Bankruptcy Code section 550.

### THIRD CAUSE OF ACTION
### (Recovery of Avoidable Unauthorized Post-Petition
### Transfers Pursuant to Section 549 of the Bankruptcy Code

34.     The Liquidating Trustee restates and realleges the allegations of paragraphs "1" through "33" above, as if fully set forth herein.

35.     Subject to proof, the Liquidating Trustee pleads that to the extent any of the Transfers were transfers of an interest in the property of one or more of the Transferring Debtors that cleared the Transferring Debtors' bank accounts after the Petition Date (the "Post-Petition Transfers"), such Post-Petition Transfers were never authorized by the Court or under the Bankruptcy Code and, thus, in accordance with the foregoing, are property of the Liquidation Trust as successor in interest to the Transferring Debtors' estates that are avoidable pursuant to section 549 of the Bankruptcy Code and are recoverable pursuant to section 550 of the Bankruptcy Code.

36.     By reason of the foregoing, the Post-Petition Transfers should be avoided and set aside as unauthorized post-petition transfers under section 549 of the Bankruptcy Code and are recoverable by the Liquidating Trustee from Defendant pursuant to Bankruptcy Code section 550.

### FOURTH CAUSE OF ACTION
### (Disallowance of the Claims Pursuant to Bankruptcy Code § 502(d))

37.     The Liquidating Trustee restates and realleges the allegations of paragraphs "1" through "36" above, as if fully set forth herein.

5412042v1

38.     Defendant is an entity from which property is recoverable under section 550 of the Bankruptcy Code and is a transferee of transfers avoidable under section 547, 548 and/or 549 of the Bankruptcy Code as set forth in the preceding causes of action.

39.     Defendant has not paid the amount, or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

40.     Pursuant to section 502(d) of the Bankruptcy Code, the Claims should be disallowed until the Transfers are repaid in full to the Liquidating Trustee.

### FIFTH CAUSE OF ACTION
### (Objection to the Claims)

41.     The Liquidating Trustee restates and realleges paragraphs "1" through "40" above, as if fully set forth herein.

42.     Pursuant to section 7.2 of the Plan, no distribution shall be made on a Claim if any portion of the Claim is disputed.

43.     Pursuant to the terms of the Plan and by reason of the objections presented herein, no distribution on the Claims shall be made until this action is resolved.

### SIXTH CAUSE OF ACTION
### (Setoff)

44.     The Liquidating Trustee restates and realleges paragraphs "1" through "43" above, as if fully set forth herein.

45.     Pursuant to section 6.15 of the Plan, the Liquidating Trustee (a) has the right to assert any right of setoff that the Debtors may have had, and (b) may set off against any claim (and the payments due under the Plan in respect of such claim) any claims that the Liquidating Trustee has against the holder of such claim.

46.     Pursuant to the terms of the Plan, applicable bankruptcy and non-bankruptcy law, the Liquidating Trustee is entitled to set off any recovery from the preceding causes of action

5412042v1

against the Claims and/or any payment or distribution to be made on account of the Claims pursuant to the Plan.

**WHEREFORE,** for the foregoing reasons, the Liquidating Trustee respectfully requests the following relief:

A.      That the Transfers be avoided as preferences and/or, alternatively, as fraudulent transfers and/or alternatively, as unauthorized post-petition transfers;

B.      That judgment be entered in favor of the Liquidating Trustee and against Defendant, in the amount of no less than $48,652.50 (plus any additional Transfer amounts the Liquidating Trustee learns, through discovery or otherwise, were made to Defendant during the Preference Period), plus interest at the legal rate from the date of the Transfers, together with all costs of this action;

C.      That the Claims be disallowed until the Transfers are repaid to the Liquidating Trustee pursuant to Bankruptcy Code section 502(d) and the Plan;

D.      That the Liquidating Trustee be permitted to set off any judgment obtained hereunder against any payment or distribution to be made on account of the Claims pursuant to the Plan; and

5412042v1

      E.      That the Liquidating Trustee be granted such other and further relief as is just and proper.

Dated:  February 23, 2021                        MONTGOMERY MCCRACKEN WALKER & RHOADS LLP

                                      */s/ Marc J. Phillips*
                                      Marc J. Phillips (No. 4445)
                                      Gregory T. Donilon (No. 4244)
                                      1105 North Market Street, Suite 1500
                                      Wilmington, DE  19801
                                      Telephone:  (302) 504-7805
                                      mphillips@mmwr.com
                                      gdonilon@mmwr.com

                                      -and-

                                      Edward Schnitzer, Esq.
                                      437 Madison Avenue
                                      New York, NY  10022
                                      Telephone:  (212) 867-9500
                                      eschnitzer@mmwr.com

                                      -and-

                                      Elizabeth M. Catalano, Esq.
                                      1735 Market Street
                                      Philadelphia, PA  19103
                                      Telephone:  215-772-1500
                                      ecatalano@mmwr.com

                                      *Counsel to the Liquidating Trustee*

5412042v1